```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
RAHIM ASH SHAKUR,                      :
                                       :
                Petitioner,            : 04 Civ. 6134 (SHS)(THK)
                                       :
        -against-                      :
                                       : **MEMORANDUM OPINION**
                                       : **AND ORDER**
ELIOT SPITZER, Attorney General,       :
New York State, and MICHAEL ZENK,      :
Warden, Metropolitan Detention         :
Center,                                : **Pro Se**
                                       :
                Respondents.           :
---------------------------------------X
```

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

This habeas corpus proceeding was referred to me for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72.1(a) of the Local Civil Rules of the Southern District of New York. Petitioner, a New York State prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. Currently before the Court is Petitioner's motion to amend his Petition.

**BACKGROUND**

Petitioner Rahim Ash Shakur is incarcerated at Elmira Correctional Facility in Chemung County, New York, pursuant to a conviction upon a guilty plea on July 7, 1995, for two counts of Robbery in the First Degree (N.Y. Penal Law § 160.15(4)) and one count of Robbery in the Second Degree (N.Y. Penal Law § 160.10(1)). Petitioner was sentenced as a persistent violent felony offender to

1

concurrent, indeterminate prison terms of from ten years to life on each count.

In his Petition, which was filed on August 9, 2004, Petitioner claims that he was denied due process (1) when Petitioner's request to call the victim to testify at his Wade Hearing was denied; and (2) because the trial court erred in its ruling that an eyewitness had an independent source for an in-court identification.

The Response to the Petition was filed on April 6, 2005, and Petitioner's Traverse to the Response was filed on June 1, 2005. On August 29, 2005, this Court issued an Order granting Petitioner's request for an extension of time, until September 26, 2005, in which to file an amended petition. On October 3, 2005, the Court received a request from Petitioner, postmarked September 26, 2005, seeking leave to file a Supplemental and Amended Petition, and enclosing a Proposed Supplemental and Amended Petition (the "Proposed Amended Petition").

In the Proposed Amended Petition, Petitioner requests that Caroline B. Woughter, Acting Superintendent of the Elmira Correctional Facility, be named Respondent in place of the currently named Respondents, Eliot Spitzer and Michael Zenk. The only new claim raised in the Proposed Amended Petition contends that Petitioner was denied due process when the State court "deliberately destroyed the hearing minutes of the independent

2

source hearing after the state court affirmed Petitioner's conviction." (See Proposed Amended Petition, Sept. 22, 2005, ¶ 9.) This new claim appears to be based on a footnote in Respondent's Memorandum of Law in Opposition which states that "The minutes of the July 7, 1995 independent source hearing could not be located in the records of the New York County District Attorney . . . The summary of the [hearing] has been taken from the District Attorney's Appellate Division brief." (Respondent's Memorandum of Law in Opposition to Petition for a Writ of Habeas Corpus ("Resp. Mem. of Law"), Apr. 6, 2005, at 4 n.5.)

Respondent does not oppose Petitioner's request to substitute Carline B. Woughter as Respondent, but does oppose Petitioner's request to file an amended pleading.

**DISCUSSION**

Because the Court has not yet ruled on the merits of the original Petition, Petitioner's motion to amend is governed by Federal Rule of Civil Procedure 15(a). See Littlejohn v. Artuz, 271 F.3d 360, 363 (2d Cir. 2001). Rule 15 permits a litigant to amend the pleadings once as a matter of right before a responsive pleading has been served. See Fed. R. Civ. P. 15(a). Where a responsive pleading has been served, as is the case here, the Rule directs that courts "shall" grant leave to amend "when justice so requires." Id. While leave to amend generally should be freely granted, it may be denied where there is good reason to do so, such

as undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility. See Forman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); Jones v. New York State Div. of Military & Naval Affairs, 166 F.3d 45, 50 (2d Cir. 1999) (district court may deny leave to amend on grounds of futility).

Petitioner here moves to amend his Petition in order to add a claim that the State court violated his due process rights when it "deliberately destroyed the hearing minutes of the independent source hearing after the state court affirmed Petitioner's conviction." (See Proposed Amended Petition, ¶ 9.)

"A proposed amendment to a pleading [is] futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." Oneida Indian Nation v. City of Sherrill, 337 F.3d 139, 168 (2d Cir. 2003), rev'd on other grounds, 125 S. Ct. 1478 (2005); see also Lucente v. Int'l Business Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002) (citing Dougherty v. North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002)) (A proposed amendment is futile "if the proposed claim could not withstand a motion to dismiss for failure to state a claim upon which relief may be granted."); Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d Cir. 1990) (where there is no merit to a proposed amendment, leave to amend should be denied).

4

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") does not give a habeas corpus petitioner an unconditional right to a state court transcript for the purpose of pursuing his habeas petition. See 28 U.S.C. § 2254. Under AEDPA, if a habeas petitioner, who challenges the sufficiency of the evidence in a State court proceeding, is unable, because of indigency or other reason, to produce the part of the record pertinent to a determination of the sufficiency of the evidence,

> the State shall produce such part of the record and the Federal Court shall direct the state to do so by order directed to the appropriate State official. If the State cannot provide such pertinent part of the record, then the court shall determine under the existing facts and circumstances what weight shall be given to the State court's factual determinations.

Id. § 2254(f). Rule 5(c) of the Rules Governing Section 2254 Cases further requires that the answer to a habeas petition "must indicate what transcripts are available . . . and the respondent must attach to the answer parts of the transcript that the respondent considers relevant." If a transcript is unavailable, Rule 5 permits the respondent to "submit a narrative summary of the evidence." Id.

To the extent that Petitioner is claiming a right to have a transcript of the independent source hearing provided to him under § 2254(f), and that the Respondent's inability to produce the transcript has violated his due process rights, the amendment would be futile. As set forth above, § 2254(f) "places the initial

5

burden on the petitioner to produce the State court record. However, if the petitioner is unable to do so (due to indigency or other factors), subsection (f) shifts this burden to the State." Breighner v. Chesney, 301 F. Supp. 2d 354, 365-66 (M.D. Pa. 2004). If the transcript cannot be produced, the respondent may submit a narrative summary. See Rule 5(c) of the Rules Governing Section 2254 Cases. The court must then determine "under the existing facts and circumstances what weight shall be given to the State court's factual determinations." 28 U.S.C. § 2254(f). Thus, this Court can properly review Petitioner's habeas petition without reviewing the independent source hearing minutes. See Simental v. Matrisciano, 363 F.3d 607, 612 (7th Cir. 2004) ("While review of a state court transcript is occasionally necessary in habeas cases, it is certainly not required and is, in fact, quite rare."). Clearly, nothing in § 2254(f) gives a petitioner the right to a transcript, nor does it require the district court to review such a transcript. Therefore, § 2254(f) cannot serve as an independent ground for habeas relief based on the State's inability to produce a transcript.

Further, Respondent has included a summary of the independent source hearing in its submission to the Court, which was drawn from the District Attorney's Appellate Division brief. (See Resp. Mem. of Law, at 4 n.5) The District Attorney's Appellate Division brief also provided an extensive summary of the independent source hearing. (See Brief for Respondent, July 1999, at 5-8.) Thus, Respondent has met its obligations under Rule 5 of the Rules

6

Governing Section 2254 Cases of providing a summary of the state proceeding for which it is unable to produce a transcript. See Simental, 363 F.3d at 612 (district court did not abuse its discretion under Rule 5 of § 2254 by resolving habeas corpus petition without reviewing the full state transcript); Stevenson v. Strack, No. 96 Civ. 8429 (DC), 1999 WL 294805, at *1 n.1 (S.D.N.Y. May 11, 1999) (denying habeas corpus petition on the merits, where neither party submitted trial transcript and respondent represented that it was unable to obtain the transcript; based on Rule 5, the court permitted the use of a narrative summary of the evidence).

Finally, the only possible constitutional claim for habeas relief Petitioner could assert in relation to the transcript is that his due process rights were violated when he was denied a fair appeal because of prejudice resulting from the missing transcript. See Godfrey v. Irvin, 871 F.Supp. 577, 584 (W.D.N.Y. 1994); see also United States v. LaVallee, 428 F.2d 165, 167 (2d Cir. 1970) (where habeas petition is based on denial of a transcript, the question is "whether the transcript was an instrument needed to vindicate legal rights"). However, Petitioner is not claiming that he was denied access to the independent source hearing transcript for purposes of his state appeal. In fact, Petitioner's appellate counsel clearly obtained the independent source hearing minutes from the State, as evidenced by Petitioner's Appellate Division brief. Petitioner's Appellate Division brief makes numerous references to the minutes of the independent source hearing and includes a detailed summary of the hearing. (See Brief of Defendant-Appellant, Feb. 1999, at 8-11.) The brief even includes

a footnote clarifying that, "Numbers in the parentheses refer to the minutes of the independent source hearing and the plea which are bound together and paginated sequentially." (Id. at 3 n.1.) Thus, appellate counsel's acquisition of the independent source hearing minutes indicates that Petitioner was not denied the hearing transcript by the state court during Petitioner's appeal of his conviction. See Malsh v. Hanslmaier, No. 94 Civ. 687, 1996 WL 204347, at *3 (N.D.N.Y. Apr. 11, 1996) (noting that the acquisition of the petitioner's suppression hearing transcript by appellate counsel made it "far from clear" that petitioner's constitutional right to a trial transcript to prosecute his appeal was violated). Because Petitioner had access to the independent source hearing minutes for his direct appeal, Petitioner's new allegation, that the transcript was destroyed by the State after affirming Petitioner's conviction, does not state a due process claim that would merit habeas relief. Moreover, Petitioner never exhausted such a claim in the state courts and could not do so any longer. The claim would therefore be procedurally barred.

Thus, it follows that it would be futile to grant Petitioner leave to amend his Petition by adding the proposed claim. Accordingly, Petitioner's request to substitute Carline B. Woughter as Respondent is granted. Petitioner's request to amend his Petition by adding additional claims is denied.

SO ORDERED.

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         October 17, 2005

Copies sent to:

Rahim Ash Shakur
95A8287
Elmira Corr. Facility
PO Box 500
Elmira, NY, 12902-0500.

Michelle Maerov
Assistant Attorney General
120 Broadway
New York, NY 10271